——————o——————

## No. 4446.

(Court of Appeal, Parish of Orleans.)

JOSEPH BRUNO VS. JAMES E. WARNER, ET ALS.

Questions of fact only are involved herein.

Appeal from Civil District Court, Division "B."

Louis H. Burns, A. J. Peters, Plaintiff and Appellant.

E. J. Meral, Attorney for Defendant Mrs. B. Ladouce, Appellee.

P. M. Milner, Attorney for Defendant Jas. E. Warner, Appellee.

MOORE, J. This was a suit sounding in damages arising from the alleged unlawful eviction of plaintiff by defendants from a portion of the property which he avers he had leased from one of the defendants. The answer was a general denial. There was judgment in favor of defendants rejecting plaintiff's demand from which judgment he appeals.

It appears that Plaintiff leased from Mrs. Ladouce, one of the defendants, one-half of a double cottage, which cottage together with a small yard adjoining each half of the cottage and a large lot in the rear of both, comprise the entire block, which is triangular in shape, bounded by Broad, Columbus, Bayou Road and Lepage Streets, in the City of New Orleans, and all owned by plaintiff's said lessee.

From the time he had leased the half cottage until about two months thereafter, he had kept a horse and wagon and some chickens in this rear lot, when Warner, the other defendant

took possession of the lot under a lease thereof, which he had obtained from Mrs. Ladouce, causing plaintiff to remove his horse and wagon from the lot, whilst he, himself, removed plaintiff's chickens to the latter's adjoining yard, and thereafter, barred all ingress from plaintiff's premises to the lot.

The occupancy of the lot by Warner under his lease from Mrs. Laduce was orderly and the removal by him of plaintiff's chickens was with care and without injury to them. No property of any value whatsoever belonging to plaintiff, was destroyed or injured. If, therefore, plaintiff may recover any damages whatsoever it would be such only as would result from his loss of the use and occupancy of the lot.

To recover this, however, he must establish his right to this use and occupancy. He bases this right thereto on the fact that this lot was comprehended and intended in his lease of the half of the double cottage. The record overwhelmingly establishes the fact that it was not only not intended but that it was distinctly understood and agreed that it was not to be comprehended and included in the lease, but specially excluded. The lease of the half cottage was by the month and verbal, but this exclusion was fully explained to and understood and agreed to by him. He made every effort, however, to have Mrs. Ladouce include this lot in the lease but she always refused to do so. He even presented her with a written lease, prepared by him, for the house, in which this claim appeared: "The lessee shall have the privilege of keeping his horse and wagon in the yard." This she refused to sign assigning to him the reason, repeatedly stated, that the "yard," which all understood to mean the rear lot, was not to be included in the lease. Finally plaintiff consented to lease without the lot, although she stated to him that until she had use for or demanded the lot or leased it, she would not object to plaintiff keeping his horse and cart in the lot in the meanwhile. At most plaintiff was a tenant at will, so far as the lot was concerned, and was legally bound to vacate at any time Mrs. Ladouce called for the lot or rented it to another.

The plaintiff is absolutely without standing in Court and the judgment is affirmed.